## Townsend *v.* Lacock, Appellant.

*Deed—Articles of agreement—Omission of consideration—Mistake—Parol evidence—Evidence.*
When a deed of land is only the fulfillment in part of previous articles of sale, the covenants in the articles are not merged in the deed, and neither any rule of evidence, nor the rule as to a merger of a preliminary contract in the deed debars the grantor from alleging and procuring the true consideration for the sale, and from proving that through the mistake of the scrivener, various covenants to be performed by the grantee were wholly omitted in the deed.

Argued Oct. 7, 1908.    Appeal, No. 85, Oct. T., 1908, by defendant, from decree of C. P. Armstrong Co., March T., 1907, No. 1, on bill in equity in case of A. K. Townsend v. George S. Lacock, Guardian of George W. Townsend, minor child of G. W. Townsend, deceased.  Before MITCHELL, C. J.,

Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ.
Affirmed.

Bill in equity to reform a deed.

Patton, P. J., filed an opinion, which concluded as follows:

### CONCLUSION OF LAW.

The conditions and stipulations of the article of agreement
of June 4, 1898, as to giving of grain, amount of land to be
farmed, and the payment of purchase money were not merged
by the deeds of December 10, 1901.

### DISCUSSION.

On June 4, 1898, A. K. Townsend entered into an agree-
ment with his son, G. W. Townsend, to convey to him certain
land. This agreement was followed by deeds dated Decem-
ber 10, 1901, between the same parties, for the same property.

In the article of agreement it was agreed that the vendee
should perform certain covenants, viz.:

1. Pay $10.00 per acre for the land on the death of the
vendor and his wife.

2. Give A. K. Townsend one-third of all the grain raised
during his life in lieu of interest on the consideration money.

3. Farm at least thirty acres per year.

4. Keep open a certain road through the farm.

The deeds did not contain any of these covenants, but were
plain general warranty deeds, with receipts for the purchase
money in full.

In our opinion the important question in the case is: Were
the terms and conditions of the agreement so merged in the
deed that they cannot be enforced? In our opinion the au-
thorities are clear that they were not.

That the vendee or his successor, the guardian, has not
complied with his covenants since 1904, is not disputed, ex-
cept that there are receipts, on the deeds, for the consideration
money. But is that conclusive, or does it estop the plaintiff
from showing the truth? Certainly not.

In Hamilton v. McGuire, 3 S. & R. 355, it is said: "That

such a receipt and acknowledgment were not a bar in pleading, or in evidence conclusive; but they are evidence of the lowest order; that it is everyday practice to have a receipt on the back of a deed, when perhaps nine times in ten there was not a shilling paid."

In Eshelman's Estate, 143 Pa. 24, are collected a number of cases holding "that the presumption of actual payment arising from the receipts contained in the deed, and from the release, is not a conclusive presumption, but may be rebutted by parol proof."

"But it is perfectly well settled law that receipts, whether contained in deeds or elsewhere, are not conclusive of the payment of money, but only prima facie proof, and always open to explanation:" Nichols v. Nichols, 133 Pa. 438.

The authorities are numerous that when the deed is only the fulfillment in part of the article, the covenants are not merged in the deed, though it is executed, delivered and accepted. Neither any rule of evidence nor the rule as to a merger of a preliminary contract in the deed of conveyance, debars the plaintiff from alleging and procuring the true consideration for the sale, and that through mistake the consideration was incorrectly stated in the deed: Wilson v. Pearl, 12 Pa. Superior Ct. 66.

It is admissible to prove the true contract, and that part of it was omitted from the writing by mistake. And this can be proved by the scrivener, and by the admissions and declarations of the vendee, deceased at the time of the trial: Schotte v. Meredith, 192 Pa. 159.

In 19 Pepper & Lewis' Digest of Decisions, column 32,573, can be found many cases that are exceptions to the general rule, that the execution and acceptance of a deed of conveyance, is a consummation of all previous agreements between the parties, and the articles of agreement may be given in evidence to show that their conditions have not been complied with.

In Byers v. Mullen, 9 Watts, 266, there was a deed and a receipt in full for the consideration money. The article of agreement showed that the vendee had agreed to pay off a cer-

tain judgment. It was offered in evidence, but rejected by the court because merged in the deed. Held, to be error, and that the vendee could show, notwithstanding the deed, that the vendor had not complied with the article of agreement.

In Harbold v. Kuster, 44 Pa. 392, the article of agreement contained a reservation of the grain in the ground, but the deed subsequently given contained no mention of such reservation. It was held that there was no merger and that the agreement could be enforced.

Taking the facts of this case and applying the law as we find it, we are convinced that the article and deed are not contradictory, and that both can stand, one the fulfillment of the other. It would have been better to have included all the covenants of the article in the deed, but by the mistake of the scrivener they were left out. This was unfortunate, but should not be allowed to overthrow the true agreement between the parties.

*Error assigned* was decree in favor of the plaintiff.

*Joseph A. Langfitt* and *W. A. McAdoo*, with them *H. W. McIntosh*, for appellant.—The deed cannot be reformed so as to cover the covenants in the articles: Dorris v. Morrisdale Coal Co., 215 Pa. 638; Bierman v. Lebanon Valley College, 20 Pa. Superior Ct. 133; Boyertown Nat. Bank v. Hartman, 147 Pa. 558; Williamson v. Carpenter, 205 Pa. 164; Keller v. B. & O. R. R. Co., 10 Pa. Superior Ct. 240; Thomas v. Loose et al., 114 Pa. 35; Phillips v. Meily, 106 Pa. 536; Nettleton v. Caryl, 20 Pa. Superior Ct. 250, 254; Schotte v. Meredith, 197 Pa. 496; Dickson v. Hartman Mfg. Co., 179 Pa. 343; Thayer v. Seep, 168 Pa. 414; Van Voorhis v. Rea Bros. & Co., 153 Pa. 19; Honesdale Glass Co. v. Storms, 125 Pa. 268.

The only possible mistake disclosed is one of law on the part of the scrivener in his advice to the parties as to the legal effect of the deeds on the article of agreement. For such a mistake the plaintiff has no standing to have the deeds set aside or reformed: Clapp v. Hoffman, 159 Pa. 531; McAninch v. Laughlin, 13 Pa. 371; Rankin v. Mortimere, 7 Watts, 372;

Cozens v. Stevenson, 5 S. & R. 421; Tagg v. Behring, 10 Atl. Repr. 782; Moser v. Miller, 7 Watts, 156; Murray v. R. R. Co., 103 Pa. 37; Snyder v. Phillips, 25 Pa. Superior Ct. 648.

When articles of agreement are entered into by which a conveyance of land is covenanted to be made and afterwards a conveyance is executed and accepted, which differs in some respect from the articles, the deed of conveyance, which is the consummation of the agreement, shall be taken for the ultimate intent of the parties, and prevail over the articles: Crotzer v. Russel, 9 S. & R. 78; Moser v. Miller, 7 Watts, 156; Wilson v. McNeal, 10 Watts, 422; Shontz v. Brown, 27 Pa. 123; Jones v. Wood, 16 Pa. 25; Schenley v. Pittsburg, 104 Pa. 472.

*M. F. Leason,* with him *C. E. Harrington,* for appellee, cited: Byers v. Mullen, 9 Watts, 266; Harbold v. Kuster, 44 Pa. 392; Schotte v. Meredith, 192 Pa. 159; Wilson v. Pearl, 12 Pa. Superior Ct. 66; Com. v. Stevens, 178 Pa. 543; Hancock v. Melloy, 187 Pa. 371.

Per Curiam, November 2, 1908:

The judgment is affirmed on the discussion and conclusion of law by the court below.